IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL SANDOVAL, JR.,<br>No. R30538,<br><br>      Plaintiff,<br><br>vs.<br><br>DIRECTOR OF THE ILLINOIS<br>DEPARTMENT OF CORRECTIONS,<br>WILLIAM G. LACY, and<br>DENNIS DERNBACH,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 13-cv-01295-MJR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Joel Sandoval, Jr., an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, seeking monetary damages for days not properly credited in the calculation of his sentence and its execution.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

**Discussion**

According to the complaint, Plaintiff was sentenced in 2004 on five felony DUI offense, but his pretrial time in the Cook County Jail was not properly credited by the Cook County circuit judge when Plaintiff was sentenced, improperly lengthening his sentence. Similarly, when Plaintiff was sentenced in 2007 for attempted murder, he was denied proper credit for time served. The complaint indicates Plaintiff was resentenced in 2010, receiving credit for some, but not all, of the time previously not credited, still, his sentence was still three months too long. The complaint lists all relevant case numbers, but does not describe the sentences imposed or the status of Plaintiff's sentences, or which sentence was recalculated.

Plaintiff has sued the two Cook County circuit judges who sentenced him, William G. Lacy and Dennis Derbach, but he does not indicate which judge was assigned to which case. The director of the Illinois Department of Corrections is also named as a defendant, for allegedly failing to correct the erroneous sentences, instead holding Plaintiff pursuant to the erroneous judgments.

Putting aside the sketchiness of the complaint, questions of immunity, apparent statute of limitations issues and whether Plaintiff has properly exhausted administrative remedies before filing this Section 1983 action, as drafted the complaint is fatally flawed.

*In Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court held that habeas corpus (28 U.S.C. § 2254) is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See also Heck v. Humphrey,* 512 U.S. 477, 481 (1994). The Court of Appeals for the Seventh Circuit has further explained, "[s]tate prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits *or equivalent sentence-shortening devices*,

must seek habeas corpus, because they contest the fact or duration of custody." *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir. 2000) (emphasis added).

Although Plaintiff Sandoval claims that Circuit Court Judges William G. Lacy and Dennis Dernbach failed to correctly sentence him, and the Director of the Illinois Department of Corrections failed to remedy the error, Sandoval does *not* seek immediate or speedier release. Rather, Sandoval requests monetary damages "for 3 months of illegal detention" and the resulting stress and impact upon his family life (Doc. 1, p. 6), which are not available through federal habeas corpus proceedings. *Preiser,* 411 U.S. at 488. Nevertheless, in *Heck* the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. [Section] 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under [Section] 1983. Thus, when a state prisoner seeks damages in a [Section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87; *Edwards v. Balisok,* 520 U.S. 641, 645 (1997). *See also Beaven v. Roth*, 74 Fed. Appx. 635, 638-639, 2003 WL 22018891, 3 (7th Cir. 2003) collecting cases, *e.g., Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997) (*Bivens* suit seeking damages for alleged miscalculation of federal prisoner's sentence barred by *Heck* ); *Rooding v. Peters,* 92 F.3d 578, 580–81 (7th Cir. 1996) (suit for damages under Section 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action); *Miller v. Indiana Dep't*

*of Corr.,* 75 F.3d 330, 331 (7th Cir. 1996) (*Heck* precluded suit for damages under Section 1983 for alleged denial of due process in determination of sentence credit classification).

Clearly, Sandoval's Section 1983 complaint is premised upon the assumption that his sentence was improperly calculated and implemented—he seeks damages for "3 months of illegal detention" (Doc. 1, p. 6). Thus, Sandoval's claim that he was improperly sentenced, and/or that prison officials have failed to remedy the incorrect sentence cannot be resolved in his favor without impugning his sentence. Because Sandoval has failed to establish by a habeas corpus proceeding or its equivalent, that his conviction or sentence is unlawful, under *Heck* this Section 1983 action must be dismissed.

The Court will not bypass *Heck* and address the merits of the claims presented in this Section 1983 petition; accordingly, dismissal shall be without prejudice. *See Polzin v. Gage*, 636 F.3d 834, 838-39 (7th Cir. 2011). Given the sketchiness of the complaint, and out of an overabundance of caution, Sandoval will be given a brief period of time within which to file an amended complaint showing that the sentences he is attacking have been reversed or otherwise expunged.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff Sandoval's complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **February 12, 2014,** Plaintiff Sandoval shall file and amended complaint consistent with this Order. Failure to file the amended complaint will result in the entry of final judgment and this case will be closed.

**IT IS FURTHER ORDERED** that, having dismissed the complaint, Plaintiff's motions for recruitment of counsel (Docs. 3, 6), and his motion for service of process at government expense (Doc. 4) are **DENIED** without prejudice.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 ($350.00 if granted pauper status) remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Consequently, Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed by separate order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**