IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL SANDOVAL, JR., <br> No. R30538, <br><br> Plaintiff, <br><br> vs. <br><br> S.A. GODNIEZ, <br> WILLIAM G. LACY, and <br> DENNIS DERNBACH, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 13-cv-01295-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Joel Sandoval, Jr., an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, seeking monetary damages for days not properly credited in the calculation of his sentence and its execution. Upon preliminary review pursuant to 28 U.S.C. § 1915A, the original complaint (Doc. 1) was dismissed without prejudice (Doc. 8). An amended complaint was parsed—Judge William G. Lacy and Judge Dennis Dernbach were dismissed with prejudice, and the amended complaint was otherwise dismissed without prejudice (Doc. 13).[1] Sandoval's second amended complaint (Doc. 19) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.

Section 1915A provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] The Court will not repeat the detailed analysis set forth in its previous orders (Docs. 8, 13), but those orders should be referenced for an analysis of the interplay between Section 1983 and habeas corpus principles.

      (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
            (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
            (2) seeks monetary relief from a defendant who is immune from such relief.

### The Second Amended Complaint

The Second Amended Complaint alleges that on April 3, 2007, Cook County Circuit Judge William G. Lacy sentenced Sandoval on an attempted murder charge, affording him some credit for days spent in pretrial custody, but mistakenly shorting him by 181 days.[2] Consequently, rather than completing that sentence in May 2011, he remained in custody on that charge until December 23, 2011.  It is also alleged that Cook County Circuit Judge Dennis Derbach noted Sandoval's concern about being granted full credit for his days in pretrial custody, but refused to grant proper credit. Sandoval stresses that he is not attempting to shorten his sentence, which has been served—he is now serving time for new and distinct charges.[3]

It is also alleged that the director of the Illinois Department of Corrections, S.A. Godinez,[4] failed to correct the erroneous sentence(s), despite knowing that Sandoval was not given proper credit for time served in pretrial custody.

Sandoval contends that each defendant acted with deliberate indifference and subjected him to wrongful imprisonment, in violation of his rights under the Eighth and Fourteenth

---

[2] It appears that Plaintiff Sandoval is totaling the days spent in pretrial custody on five DUI cases and linking them to his attempted murder sentence.  The Court does not need to get into the propriety of that linkage to determine whether this case can proceed.

[3] A review of the Illinois Department of Correction's public records reveals that Sandoval's DUI and aggravated murder charges have been discharged and he is serving time for driving on a suspended license after his release from prison on the charges at issue in this case.  *See* http://www.idoc.state.il.us/subsections/search/ISinms2.asp (last accessed Nov. 20, 2014).

[4] S.A. Godinez is the previously unidentified "John Doe," Director of the IDOC.  The intended purpose of allowing a second amended complaint was to identify the Director and/or allow Plaintiff to allege the personal involvement of the Director (*see* Doc. 13).

Amendments. Compensatory and punitive damages are sought for each day Plaintiff served in pretrial custody that was not properly credited toward his sentence(s).

## Discussion

Although the Second Amended Complaint does not indicate whether Sandoval has completed any prescribed term of supervision, or whether there are any remaining collateral consequences of his sentence, at this juncture the Court will assume that the sentence is wholly discharged and any habeas corpus or other form of collateral relief is moot.

The Court of Appeals for the Seventh Circuit has held that, where a plaintiff cannot obtain collateral relief, his action *may* proceed under Section 1983. *Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012) (citing *Simpson v. Nickel,* 450 F.3d 303, 307 (7th Cir. 2006); *DeWalt v. Carter,* 224 F.3d 607, 613, 616–18 (7th Cir. 2000); *Carr v. O'Leary,* 167 F.3d 1124, 1127 (7th Cir.1999). However, in *Burd*, 702 F.3d 435 fn3, the Seventh Circuit also recognized that there is a split among the appellate courts. The Seventh Circuit was swayed, by the fact that in *Spencer v. Kemna,* 523 U.S. 1, 19–21, 25 n. 8 (1998), five Justices indicated that *Heck v. Humphrey*, 512 U.S. 477 (1994), should not be a bar in such a situation, although the Supreme Court itself characterized this as still being an open issue (*Muhammad v. Close,* 540 U.S. 749, 752 fn. 2 (2004)).

This Court is bound by Seventh Circuit precedent; therefore, based on the *assumption* that Sandoval can no longer seek collateral relief, the Second Amended Complaint will not be dismissed out of hand. However, that does not cure all that ails the Second Amended Complaint, and Plaintiff may be "skating on thin ice."

As the Court's previous order explained, state court judges enjoy absolute immunity from federal tort liability for acts committed in their official judicial capacity—such as sentencing

decisions. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978 (Judge absolutely immune from suit, even where he or she erred, or acted maliciously); s*ee also Fields v. Wharrie*, 740 F.3d 1107 1110 (7th Cir. 2014). Consequently, Judge Lacy and Judge Dernbach were dismissed *with* prejudice from when the First Amended Complaint was reviewed (*see* Doc. 13, p. 5). Dismissal "with prejudice" means that the claims against those individuals have been decided on the merits and cannot be re-pleaded in a subsequent amended complaint. For these reasons, Judge Lacy and Judge Dernbach must be dismissed from the Second Amended Complaint with prejudice.

It is alleged that Defendant S.A. Godinez, Director of the Illinois Department of Corrections, knew Plaintiff was not receiving proper credit for time served, but he did nothing. It would be premature to conclude Director Godinez did not have authority to grant credit for jail time after a state court declined to do so. *See Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006) (requiring additional evidence relative to an inmate in the custody of the Wisconsin Department of Corrections). Therefore, a claim regarding wrongful imprisonment in violation of the Eighth and Fourteenth Amendments shall proceed. *See*, e.g., *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendants **WILLIAM G. LACY** and **DENNIS DERNBACH** are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Eight and Fourteenth Amendment "wrongful prosecution" claims against **S.A. GODINEZ** shall otherwise **PROCEED**. The Clerk of Court shall have the docket reflect that the "John Doe" **DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS** is **TERMINATED** as a defendant, in that Defendant Godinez is that previously unidentified individual.

The Clerk of Court shall prepare for Defendant: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties so consent.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 21, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**